NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MARLIN STEVENSON,                  :
                                   :        CIV. NO. 21-18970 (RMB-SAK)
              Plaintiff            :
                                   :
       v.                          :              **OPINION**
                                   :
CARL JACKSON, *et al.*,            :
                                   :
              Defendants           :

BUMB, United States District Judge

This matter comes before the Court upon pro se Plaintiff Marlin Stevenson's ("Plaintiff") submission of a civil rights complaint and an application to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915(a) (IFP App., Dkt. No. 1-1.) Plaintiff is a pretrial detainee confined in the Cumberland County Jail in Bridgeton, New Jersey. Plaintiff's IFP application establishes his financial eligibility to proceed without prepayment of the filing fee ("*in forma pauperis*" or "IFP") under 28 U.S.C. § 1915(a), and his IFP application will be granted. (IFP App., Dkt. No. 1-1.)

I.     *SUA SPONTE* DISMISSAL

When a prisoner proceeds without prepayment of the filing fee for a civil action under 28 U.S.C. § 1915(a) or seeks redress from a governmental entity, officer or employee or seeks relief based on a prison condition, 28 U.S.C. § 1915(e)(2)(b), § 1915A(b)(1), and 42 U.S.C. § 1997e(c) require courts to review the complaint and *sua sponte* dismiss claims that are (1) frivolous or malicious; (2) fail to state a claim on which relief may be granted; or (3) seek monetary relief against a defendant who is immune from such relief.

"The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 42 U.S.C. § 1997e(c)(l)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)). That standard is set forth in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive the court's screening for failure to state a claim, the complaint must allege 'sufficient factual matter' to show that the claim is facially plausible. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citing *Iqbal*, 129 S. Ct. at 1949–50; *see also, Twombly*, 550 U.S. at 555, & n. 3.) "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).Courts must liberally construe pleadings that are filed pro se. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Nevertheless, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted).

## II.    THE COMPLAINT

Plaintiff alleges the following facts, accepted as true for the purpose of screening the complaint for *sua sponte* dismissal. (Compl., Dkt. No. 1.) While confined in the Cumberland County Jail on November 3, 2020, Officer Carl Jackson was passing out food trays through the cell doors. Before Plaintiff could remove his hand from the door frame, Officer Jackson negligently slammed the door shut and injured Plaintiff's finger. Plaintiff's finer was treated at Inspira Hospital for dislocation. Plaintiff suffers chronic pain in his finger and has lost feeling and ability to grip. Many of Plaintiff's requests for medical treatment, in a remedy form used in Cumberland County Jail, went unanswered by Wardens Richard Smith and Charles Warren. This problem was not corrected until the facility instituted the use of a new form. Plaintiff seeks to hold Sheriff Augustino and Acting Warden Stanfield liable because they replaced Wardens Richard Smith and Charles Warren.

## III.   DISCUSSION

A plaintiff may assert a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights. Section 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

To state a claim for relief under § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States, and that the constitutional deprivation was

3

caused by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1998);

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011).

        1.      *Fourteenth Amendment Due Process Right to Adequate Medical Care*

Plaintiff asserts claims against Sheriff Augustino and Acting Warden Stanfield for

failure to provide him with medical care for chronic pain after his finger was dislocated. In

the Third Circuit, claims by pretrial detainees based on failure to provide adequate medical

care arise under the Fourteenth Amendment Due Process Clause and are analyzed "under

the standard used to evaluate similar claims brought under the Eighth Amendment[.]"

*Natale v. Camden Cty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003) Thus, "[o]nly

'unnecessary and wanton infliction of pain' or 'deliberate indifference to the serious medical

needs' of prisoners are sufficiently egregious to rise to the level of a constitutional violation."

*Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) (quoting White v. Napoleon, 897 F.2d 103,

108–09 (3d Cir. 1990) (quoting *Estelle*, 429 U.S. at 103 (quoting *Gregg v. Georgia*, 428 U.S.

153 (1976)). Deliberate indifference to serious medical need may be shown where a prison

authority denies a reasonable request for medical treatment, exposing an inmate to undue

suffering or threat of tangible residual injury or "where 'knowledge of the need for medical

care [is accompanied by the] ... intentional refusal to provide that care.'" *Spruill*, 372 F.3d at

235 (quoting *Ancata v. Prison Health Servs.*, 769 F.2d 700, 704 (11th Cir. 1985)) (alterations in

original)).

Plaintiff has alleged that former Wardens Richard Smith and Charles Warren

ignored his remedy requests for medical treatment, and he seeks to hold Sheriff Augustino

and Acting Warden Stanfield liable as their successors. Plaintiff does not allege that Sheriff

Augustino or Acting Warden Stanfield were deliberately indifferent to his need for medical treatment for chronic pain or that they had any personal involvement in the failure of staff at Cumberland County Jail to respond to inmate requests for medical treatment. *See, Iqbal*, 556 U.S. at 676 ( "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution.") Amendment of Plaintiff's claims against Sheriff Augustino and Acting Warden Stanfield, as the successors to the alleged wrongdoers, would be futile because they were not personally involved in the alleged constitutional violation.   Therefore, the Court will dismiss the claims against them with prejudice.

2.     *State Law Negligence Claim Against Officer Jackson*

Plaintiff alleges a personal injury claim against Officer Carl Jackson for negligently slamming the cell door on Plaintiff's finger. This claim arises under the New Jersey Tort Claims Act, N.J.S.A. 59:8-1 *et seq.* Absent diversity jurisdiction or supplemental jurisdiction, a claim arising under state law must be brought in state court. Plaintiff does not allege diversity jurisdiction under 28 U.S.C. § 1332. Furthermore, Plaintiff has failed to state a federal claim under § 1983 in his complaint. Therefore, this Court declines to exercise supplemental jurisdiction over Plaintiff's state law claim under 28 U.S.C. § 1367.[1] *See Hedges*

---

[1] 28 U.S.C. § 1367(a) provides:

> in any civil action of which the district courts have original
> jurisdiction, the district courts shall have supplemental
> jurisdiction over all other claims that are so related to claims in
> the action within such original jurisdiction that they form part
> of the same case or controversy under Article III of the United
> States Constitution.

*v. Musco*, 204 F.3d 109, 123-24 (3d Cir. 2000) (affirming district court's determination not to exercise supplemental jurisdiction over state law claim after all federal claims were dismissed). The Court will dismiss the claim against Officer Jackson without prejudice. *See*, 28 U.S.C. § 1367(d) (tolling statute of limitations while the [state law] claim is pending [in federal court] and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period.")

V.     CONCLUSION

For the reasons discussed above, the Court will dismiss the claims against Sheriff Augustino and Acting Warden Stanfield with prejudice, and dismiss the negligence claim against Officer Jackson without prejudice.


An appropriate Order follows.


**DATE:**   <u>**March 10, 2022**</u>

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

---

A district court, however, "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"   28 U.S.C. § 1367(c)(3).